UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOISES RIVERA JIMENEZ,
A-221-370-309

                Petitioner,

       v.

KRISTI NOEM, et. al.,

                Respondents.

No.  1:26-cv-01632-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

        Petitioner, an immigration detainee proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Respondents filed an answer, ECF No. 7, and Petitioner filed a reply, ECF No. 8. Also pending before the Court is Petitioner's motion for expedited ruling or status conference, ECF No. 9.

## I. BACKGROUND

        Petitioner contends he "entered the United States without inspection on or around 1990," has not been detained nor granted parole, and "has no criminal history, poses no danger to the community, and has not been charged with any offenses." ECF No. 1, pg. 7.

/ / /

1

However, on

November 30, 2025, Petitioner was arrested by local authorities for a possible DUI. Petitioner was released from custody and has a court hearing scheduled for March and has not been convicted of any offense related to this arrest. Upon his release from local custody, ICE took Petitioner into custody, at which time he was placed in immigration detention.

Id.

Petitioner asserts that he has not been ordered removed, nor has he been provided a bond hearing. See id. at 7-8. Petitioner argues he is detained pursuant to 8 U.S.C. § 1226(a) and is therefore entitled to a bond hearing. See id. at 8. Petitioner asserts that, even if he is provided a bond hearing, he "faces a substantial likelihood of continued detention without meaningful bond consideration," based on prior determinations by Immigration Judge Rothschild. Id.

Petitioner argues his detention violates due process "because ICE deprived him of liberty without adequate procedural safeguards and without any legitimate governmental justification." Id. at 26. Petitioner contends that, when applying the balancing test established in Mathews v. Eldridge, 424 U.S. 319 (1976), Petitioner is entitled to immediate release because Petitioner's liberty interest in being free from detention is "profound and weighty," the absence of any bond hearing indicates a high likelihood of erroneous deprivation, and government interest in continuing to detain petitioner is low "because he has no criminal history and is not a flight risk." Id. at 26-31. Petitioner asserts two causes of action arising from the denial of a bond hearing: Count I: Violation of 8 U.S.C. § 1226(a) and Count II: Violation of the Administrative Procedures Act. Id. at 31-34.

Respondents argue Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)(A)." ECF No. 7, pg. 1. Respondents cite Petitioner's recent arrest for driving under the influence and Petitioner's "criminal history including a misdemeanor battery arrest, misdemeanor DUI conviction for which conviction relief was granted, misdemeanor driving while license suspended charge for which conviction relief was granted, and an assault with deadly weapon not firearm charge which was dismissed." Id. at 2. Respondents contend that the determination that Petitioner is subject to § 1225(b)(2)(A) is supported by Matter of Yajure Hurtado, 29 I & N Dec. 216 (BIA 2025), Valencia v. Chestnut,

2

No. 25-cv-01550-WBS, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025), Alonzo v. Noem, No. 25-cv-01519-WBS, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025), Altamirano Ramos v. Lyons, No. 25-cv-09785, 2025 WL 3199872, at *4 (C.D. Cal. Nov. 12, 2025), and Sixtos Chavez v. Noem, No. 25-cv-02325, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025), appeal docketed, No. 25-7077 (9th Cir. Nov. 7, 2025). Id. at 2-3. Respondents further argue that the Eighth and Fifth Circuit Courts of Appeals have recently affirmed that "the government's position that aliens present in the United States who have not been admitted shall be detained pending removal proceedings pursuant to 8 USC § 1225(b)(2)(A)." Id. at 3 (citing Avila v. Bondi et. al., No. 25-3248 (8th Cir. March 25, 2026) and Buenostro-Mendez v. Bondi et. al., No. 25-20496 (5th Cir. February 6, 2026). However, Respondents contend that, if the Court determines Petitioner is entitled to relief, a bond hearing is the appropriate remedy, not immediate release. Id. at 3 (citing Jesus Pardo Ruiz v. Warden, No. 1:26-cv-0976-DC-JDP, 2026 WL 764769 (E.D. Cal. March 18, 2026); Danilo Lopes Santana v. Marin, No. 1:26-cv-0915-DJC-JDP, 2026 WL 746995 (E.D. Cal. March 17, 2026).

      In reply, Petitioner argues

> this Court has recently ordered immediate release as the proper habeas remedy where Respondents failed to provide constitutionally required process in the immigration detention context—directing release "immediately" and restraining re-detention absent a pre-deprivation hearing with heightened proof requirements.

ECF No. 8, pg. 2.

      Petitioner contends that, even if § 1225(b)(2) applied to Petitioner, such detention is in violation of the due process clause because detention must "remain reasonably related to legitimate regulatory purposes and supported by constitutionally adequate procedures," and Petitioner has been denied an "individualized justification for why Petitioner must remain confined now, and [a] constitutionally adequate hearing at which the Government has carried (or could carry) the burden to justify continued custody." Id. at 3-4. Petitioner argues that Pardo Ruiz and Lopes Santana "do not establish that release is unavailable" and this Court has ordered immediate release because "when Respondents deprive a detainee of constitutionally required process and continue physical custody without lawful justification, the Court may and does order

release now." Id. at 7-8 (citing Solis Gonzalez v. Golden State Annex Detention Facility and Singh v. Bondi[1]).

## II. DISCUSSION

The undersigned finds Petitioner is subject to § 1226(a) and given he has not been provided a bond hearing in accordance with that statute, Petitioner is entitled to habeas relief for Count I: violation of the INA. In light of recommending Petitioner be afforded such relief, the undersigned finds it is not necessary to address Petitioner's second claim for relief and will recommend that Petitioner's motion for expedited ruling be denied as moot.

As a preliminary matter, the undersigned notes that though the petition makes due process arguments and claims Petitioner is entitled to immediate release, Petitioner, who is represented by counsel, does not assert a due process claim in the petition nor seek immediate release in his prayer for relief. See ECF No. 31-35. However, in his reply, Petitioner argues that, even if § 1225(b)(2) applies to Petitioner, his continued detention absent an individualized determination and sufficient process, immediate release is appropriate. See ECF No. 8. Considering the finding that Petitioner is detention is pursuant to § 1226, discussed further herein, the undersigned will address Petitioner's request for immediate release when considering the scope of relief Petitioner is entitled to, rather than a stand-alone due process claim, which was not asserted in the petition.

### A.     **Applicable Statute**

Under the INA, 8 U.S.C. § 1226(a) ("§ 1226(a)") "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the Government has broad discretion whether to release or detain the individual. Id. Further, §

---

[1] Petitioner provides only the case name when citing these cases. See ECF No.8, pgs. 6-7. The undersigned believes the first case referenced is Gonzalez v. Warden Golden State Annex Det. Facility, No. 1:26-cv-01439-DC-SCR (HC), 2026 U.S. Dist. LEXIS 38994 (E.D. Cal. Feb. 25, 2026). However, as to Singh v. Bondi, the undersigned cannot discern which case Petitioner is citing absent additional identifying information due to the volume of cases with the same name.

1226(a) provides several layers of review for an initial custody determination. Id. It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Conversely, 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)") mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.

This Court, and many others, have repeatedly found that § 1225(b) applies only to noncitizens "seeking admission" — a category that does not include noncitizens like Petitioner who were detained within the United States. See Morales-Flores v. Lyons, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position); Zapata v. Kaiser, 801 F. Supp. 3d 919, 2025 WL 2741654, at *10 (N.D. Cal. 2025) (citing Salcedo Aceros, 2025 U.S. Dist. LEXIS 179594, 2025 WL 2637503, at *8) (collecting cases).  Thus, courts have determined that §1226 rather than §1225 is the appropriate section to apply in cases in which a noncitizen is already living in the United States. Cruz v. Noem, No. 1:26-cv-01818-DC-EFB (HC), 2026 U.S. Dist. LEXIS 71893, *8-9 (E.D. Cal. April 1, 2026) (collecting cases). The undersigned finds that the District Court cases cited by Respondents to be unpersuasive.

Respondents additionally cite the recent decisions by the Fifth and Eighth Circuit Courts of Appeals in support of their argument that Petitioner is subject to § 1225(b). See ECF No. 7, pg. 3. However, other Circuit Courts have held differently, and the Ninth Circuit has yet to address the issue. The Seventh Circuit Court of Appeals concluded that DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)." Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025). The Second Circuit held that §1225(b)(2) "applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization" and therefore, a noncitizen who "is not requesting lawful entry into the United States" is subject to §1226, given the use of the term "an alien," which has a

5

broader application. Da Cunha v. Freden, 2026 LX 255042, at *18 and*48-49 (2d Cir. Apr. 28, 2026). Finally, the Sixth Circuit found that, in accordance with Supreme Court precedent, "'§ 1226 applies to aliens already present in the United States.'" Lopez-Campos v. Raycraft, 2026 LX 250200, at *31-31 (6th Cir. May 11, 2026)[2] (quoting Jennings v. Rodriguez, 583 U.S. 281, 303 (2018)). The Sixth Circuit found further support for such holding in the text of the statute, applying canon against surplusage, and given "the government's previously unbroken 29-year streak of applying § 1226(a) as opposed to § 1225(b)(2)(A) to noncitizens" who have lived within the United States for years. Id. at *10-15.

Following and adopting the reasoning of other courts, the undersigned finds Petitioner is not actively "seeking admission" because he has been living in the United States for years. See Castañon-Nava, 161 F.4th at 1060-62; Da Cunha, 2026 LX 255042, at *18 and*48-49; Lopez-Campos, , 2026 LX 250200, at *31-31 and *10-15; Salcedo Aceros, 2025 WL 2637503, at *8 (collecting cases concluding that § 1225 applies only to noncitizens "seeking admission," a category that does not include noncitizens like Petitioner, living in the interior of the country). Such determination is further supported by the factual record here because there is no evidence that an immigration officer made the requisite determinations for § 1225(b)(2)(A) to apply – that Petitioner is seeking admission and not clearly and beyond a doubt entitled to be admitted. Thus, given Petitioner is not "seeking admission," he therefore is not subject to mandatory detention under § 1225(b) and is instead subject to § 1226(a) which entitles Petitioner to the process that statute requires, including a bond hearing at a minimum. Respondents have not provided any hearing to Petitioner either pre- or post-detention. Accordingly, Respondents have violated the INA, improperly subjected him to mandatory detention without a hearing, and Petitioner is therefore entitled to habeas relief.

/ / /

/ / /

/ / /

---

[2] The undersigned acknowledges that the Second and Sixth Circuit Court decisions were issued after parties completed briefing.

**B.      Scope of Relief**

Having found Petitioner is entitled to relief, the undersigned must determine the scope of such relief. In both Labrador-Prado and Tinoco, Judge Coggins found petitioners likely subject to § 1226(a), granted injunctive relief, and ordered the petitioners' immediate release. Labrador-Prato v. Noem, 815 F. Supp. 3d 1113 (E.D. Cal. 2025); Tinoco v. Noem, No. 1:25-cv-01762-DC-JDP (HC), 2025 LX 542980, WL 3567862 (E.D. Cal. Dec. 13, 2025). However, in both cases, petitioners had been released on their own recognizance pursuant to § 1226(a) prior to the detention at issue. Labrador-Prato, 815 F. Supp. 3d at 1117; Tinoco, WL 3567862, at *1. This Court has ordered immediate release of petitioners subject to § 1226(a), who were not previously afforded parole. See Alejo v. Chestnut, No. No. 1:26-cv-01562-DC-EFB (HC), 2026 U.S. Dist. LEXIS 101267 (E.D. Cal. May 7, 2026) (ordering release of noncitizen detained after living in the United States for over thirty years); Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 U.S. Dist. LEXIS 36725, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); Barajas Ortiz v. Chestnut, No. 1:26-cv-01167-DC-SCR, 2026 U.S. Dist. LEXIS 38009, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years and had an approved form I-130 alien relative petition); Salazar v. Noem, No. 1:26-cv-00899-DC-SCR, 2026 U.S. Dist. LEXIS 101565 (E.D. Cal. May 7, 2026) (adopting findings and recommendations in part, ordering immediate release of petitioners who had been "living in the United States for, in most cases, over twenty years," without any criminal record, rejecting that a post-detention bond hearing was the appropriate relief); Garcia v. Christopher Chestnut, Warden of the Cal. City Det. Facility, No. 1:26-cv-01933-DC-CSK, 2026 U.S. Dist. LEXIS 100244 (E.D. Cal. May 5, 2026) (same); and Zuniga Cruz v. Noem, No. 1:26-cv-01818-DC-EFB, 2026 U.S. Dist. LEXIS 71893, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's INA claim where the petitioner lived in the United States for eight years before his detention).

/ / /

7

However, those cases are distinguishable from the facts here because, as to Labrador-Prado and Tinoco, Petitioner was never afforded parole. Further, despite Petitioner's claim he "has no criminal history," ECF No. 1, pgs. 7, 28, and 29, Petitioner concedes he "was arrested . . . for a possible DUI," id. at 7, and Petitioner acknowledges that "Respondents recite aspects of Petitioner's criminal history (including dismissed matters and conviction relief) . . .," ECF No. 8, pg. 5, without challenging Respondents' assertion that such criminal history exists. The cases where a petitioner was afforded habeas relief in the form of immediate release, the petitioners had no criminal record and were not detained immediately following an arrest. Petitioner cites other cases where this Court has ordered immediate release, Solis Gonzalez v. Golden State Annex Detention Facility and Singh v. Bondi, but in the only case the undersigned can clearly identify, Gonzales, the petitioner there was previously released. See Gonzalez v. Warden Golden State Annex Det. Facility, No. 1:26-cv-01439-DC-SCR (HC), 2026 U.S. Dist. LEXIS 38994 (E.D. Cal. Feb. 25, 2026).

The undersigned finds Ruiz and Santana to be informative given that petitioners there had been living in the United States for years and they were transferred to ICE custody immediately following an arrest or jail sentence, and the Court found the appropriate relief was a bond hearing. Ruiz v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-0976-DC-JDP (HC), 2026 U.S. Dist. LEXIS 97994 (E.D. Cal. May 4, 2026); A-Number: v. Marin, No. 1:26-cv-0915-DJC-JDP, 2026 LX 166945 (E.D. Cal. Mar. 16, 2026) (adopted March 27, 2026). Petitioner here similarly was arrested and placed in ICE custody immediately following such arrest, and the undersigned therefore recommends Petitioner be afforded a bond hearing.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends:

1.      It is RECOMMENDED that the amended petition for writ of habeas corpus, ECF No. 1, be GRANTED IN PART as to Petitioner's claim that his detention violates the INA;

2.      It is RECOMMENDED that Petitioner (A-Number: 221-370-309) be provided a bond hearing within five days of the District Judge's decision. At this hearing, the government

8

should bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have counsel present;

3.      It is RECOMMENDED that Respondents be ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred; and

4.      It is RECOMMENDED that Petitioner's motion for expedited ruling, ECF No. 9, be DISMISSED AS MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 15, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

9